IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ARTISAN AND TRUCKERS CASUALTY COMPANY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>HANOVER INSURANCE COMPANY, )<br>STAR WAY CORPORATION, )<br>ALEKSEY A. PISKUNOV, and )<br>KATERYNA PISKUNOV, )<br>)<br>Defendants. ) | No. |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES the Plaintiff, ARTISAN AND TRUCKERS CASUALTY COMPANY ("ARTISAN"), by and through its attorneys, Chilton Yambert Porter LLP, and as for its Complaint for Declaratory Judgment, states as follows:

### INTRODUCTION

1. This Complaint for Declaratory Judgment is brought pursuant to 28 USC §2201 and involves the respective rights and duties between ARTISAN and Star Way Corporation ("STAR WAY"), arising out of a claim for insurance coverage made by STAR WAY in connection with an underlying lawsuit filed by Hanover Insurance Company arising from a cargo loss.

2. In this insurance coverage action, ARTISAN seeks declaration that it owes no duty to defend and indemnify STAR WAY and its owners, Aleksey Piskunov and Kateryna Piskunov ("STAR WAY OWNERS"), with respect to an underlying law suit filed in the United States District Court for the Northern District of Illinois, Eastern Division, under Civil Action

Page 1 of 12

Number 14-CV-3458 (hereinafter "UNDERLYING ACTION"). A copy of the UNDERLYING ACTION is attached hereto as Exhibit A.

## THEN PARTIES

3. At all relevant times, ARTISAN was engaged in the business of writing various types of commercial insurance, including commercial automobile liability insurance. ARTISAN is domiciled in Wisconsin and maintains in principal offices in Ohio.

4. Defendant, Hanover Insurance Company ("HANOVER"), is an insurance company domiciled in the State of New Hampshire, with its principal place of business in Worcester, Massachusetts.

5. Upon information and belief, Defendant, STAR WAY, is a dissolved Illinois Corporation that maintained its principal place of business at 503 Comanche Trail, Wheeling, Illinois.

6. Upon information and belief, STAR WAY OWNERS are Illinois citizens and residents maintaining a business office at 503 Comanche Trail, Wheeling, Illinois.

## SUBJECT MATTER JURISDICTION

7. This action is being filed in the Northern District of Illinois, Eastern Division, which has subject matter jurisdiction over this case based on diversity of citizenship between the parties.

8. 28 USC §1332 provides that:

a. The District Court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs, and is between (1) citizens of different states; (2) citizens of a state; and (3) citizens or subjects of a foreign state....

9.   The only Plaintiff, ARTISAN, is domiciled in Wisconsin with its principal place of business in Ohio.  The named Defendants are domiciled or have their principal place of business in New Hampshire, Massachusetts, and Illinois.

10.  The underlying action filed by HANOVER, which gives rise to the claim for coverage brought by STAR WAY, seeks damages in the amount of $180,406.90, plus interest and costs.  Thus, it is apparent that the object of this litigation is valued in excess of $75,000.00.

11.  Accordingly, this Court has subject matter jurisdiction to preside over this matter.

## THE ARTISAN POLICY

12.  ARTISAN issued an Illinois Commercial Policy Agreement to STAR WAY under Policy Number 08484104-0, with effective dates of March 8, 2012 to March 8, 2013 (hereinafter referred to as "THE POLICY").  A copy of THE POLICY is attached hereto as Exhibit B.[1]

13.  In pertinent part, THE POLICY's Commercial Auto Coverage Form provides as follows:

### PART I – LIABILTY TO OTHERS

### INSURING AGREEMENT – LIABILTY TO OTHERS

Subject to the Limits of Liability, if **you** pay for the premium for liability coverage, **we** will pay damages, OTHER THAN PUNITIVE OR EXEMPLARY DAMAGES, for **bodily injury, property damage**, and **covered pollution cost or expense**, for which an **insured** becomes legally responsible because of an **accident** arising out of the ownership, maintenance or use of an **insured auto**. However, **we** will only pay for the **covered pollution cost or expense** if the same **accident** also caused **bodily injury** or **body damage** to which this insurance applies.

**We** will settle or defend, at **our** option, any claim or lawsuit for damages covered by this Part I. **We** have not duty to settle or defend any lawsuit, or make any additional payments, after the Limit of Liability for this coverage has been exhausted by payment of judgments or settlements.

\*\*\*

---

[1] A certified copy of the policy has been requested and will be filed upon receipt.

**EXCLUSIONS – PLEASE READ THE FOLLOWING EXCLUSIONS CAREFULLY, IF AN EXLCUSION APPLIES, COVERAGE FOR AN ACCIDENT OR LOSS WILL NOT BE AFFORDED UNDER THIS PART I – LIABILTY TO OTHERS**

Coverage under this Part I, including **our** duty to defend, does not apply to:

\*\*\*

7. **Property damage** to, or **covered pollution cost or expense** involving, any property owned by, rented to, being transported by, used by, or in the care, custody, or control of an **insured**, including any motor vehicle operated or being towed. But this exclusion does not apply to liability assumed under a sidetrack agreement.

\*\*\*

<u>The Commercial General Liability Endorsement provides, in pertinent part as follows:</u>

## SECTION 1 – COVERAGES

## COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. **Insuring Agreement**

   a. We will pay those sums, OTHER THAN PUNITIVE OR EXEMPLARY DAMAGES, that the **insured** becomes legally obligated to pay as damages because of **bodily injury** or **property damage** to which this insurance applies. **We** will have the right and duty to defend the **insured** against any **suit** seeking those damages. However, **we** will have no duty to defend the **insured** against ant **suit** seeking damages for **bodily injury** or **property damage** to which this insurance does not apply. **We** may, at **our** discretion, investigate any **occurrence** and settle any claim or suit that may result.

   However:

   (1) The amount **we** will pay for damages is limited as described in Section II – Limits of Liability; and
   (2) **Our** right and duty to defend ends when **we** have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A and B or medical expenses under Coverage C;
   No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages A and B.

   b. This insurance applies to **bodily injury** and **property damage** only if:
   (1) The **bodily injury** or **property damage** is caused by an **occurrence** that takes places in the **coverage territory; and**

(2) The **bodily injury** or **property damage** occurs during the policy period.

Any **bodily injury** or **property damage**, whether such **bodily injury** or **property damage** is known or unknown, that first occurred prior to the inception date of this policy (or the retroactive date of this policy, if any, whichever is earlier), or that is, or alleged to be, in the process of occurring at the inception date of this policy (or the retroactive date of this policy, if any, whichever is earlier), even if the **occurrence** continues during this policy period, will be deemed to have occurred prior to the policy period. Any **bodily injury** or **property damage**, whether known or unknown, which is in the process of settlement, adjustment or **suit** as of the inception date of this policy (or the retroactive date of this policy, if any, whichever is earlier), will also be deemed to have occurred prior to the policy period.

**Bodily injury** or **property damage** that first occurs during this policy period includes any continuation, change or resumption of that **bodily injury** or **property damage** after the end of this policy period.

\*\*\*

**EXCLUSIONS – READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE WILL NOT BE AFFORDED UNDER THIS ENDORSEMENT.**

Coverage under Coverage A does not apply to:

a. **Expected or Intended Injury**

   **Bodily injury** or **property damage** expected or intended from the standpoint of any **insured**. This exclusion does not apply to **bodily injury** resulting from the use of reasonable force to protect persons or property.

b. **Contractual Liability**
   **Bodily injury** or **property damage** for which the **insured** is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:
   (1) That the **insured** would have in the absence of the contract or agreement; or
   (2) Assumed in a contract or agreement that is an **insured contract**, provided the **bodily injury** or **property damage** occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an **insured contract**, reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an **insured** are deemed to be damages because of **bodily injury** or **property damage**, provided;

    (i)  Liability to such party for, or the cost of, that party's defense has also been assumed in the same **insured contract**; and
    (ii)  Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applied are alleged.

***

 f. **Aircraft, Auto or Watercraft**

  **Bodily injury** or **property damage**, arising out of:
  (1) The ownership, maintenance, use, or entrustment to others of any aircraft, **auto** or watercraft owned or operated by or rented, leased or loaned to any **insured**; or
  (2) Any **auto you** do not own, lease, hire, rent or borrow that is used in connection with **your** business.
  Use includes operation and **loading or unloading.**

  This exclusion applies even if the claims against any **insured** allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that **insured**, if the **occurrence** which caused the **bodily injury** or **property damage** involved the ownership, maintenance, use or entrustment to others of any aircraft, **auto** or watercraft that is owned or operated by o rented or loaned to any **insured**.

  This exclusion does not apply to:
  (1) A watercraft while ashore on premises **you** own or rent;
  (2) A watercraft **you** do not own that is:
   (a) Less than 26 feet long; and
   (b) Not being used to carry persons or property for a charge;
  (3) Parking an **auto** on, or on the ways next to, premises **you** own or rent, provided the **auto** is not owned by or rented or loaned by **you** or the **insured**;
  (4) Liability assumed under any **insured contract** for the ownership, maintenance or use of the aircraft or watercraft; or
  (5) **Bodily injury** or **property damage** arising out of:
   (a) The operation of machinery or equipment that is attached to, or part of, a land vehicle that would qualify under the definition of **mobile equipment** if it were not subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state where it is licensed or principally garaged; or
   (b) The operation of any of the machinery or equipment listed in Paragraph B or C of the definition of **auto**.

***

    h.  **Damage to Property**

        **Property damage** to:
        (1) Property **you** own, rent, or occupy, including any costs or expenses incurred by **you**, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;
        (2) Premises **you** sell, give away, or abandon, if the **property damage** arises out of any part of those premises;
        (3) Property loaned to **you**;
        (4) Personal property in the care, custody or control of the **insured**;
        (5) That particular part of real property on which **you** or any contractors or subcontractors working directly or indirectly on **your** behalf are performing operations, if the **property damage** arises out of those operations; or
        (6) That particular part of any property that must be restored, repaired, or replaced because **your work** was incorrectly performed on it.

        Paragraphs (1), (3), and (4) of this exclusion do not apply to **property damage** (other than damage by fire) to premises, including the contents of such premises, rented to **you** for a period of 7 or fewer consecutive days. A separate limit of insurance applied to Damage To Premises Rented to **You** as described in Section II - Limits of Insurance, subsection 6.

        Paragraph (2) of this exclusion does not apply if the premises are **your work** and were never occupied, rented or held for rental by **you**.

        Paragraphs (3), (4), (5) and (6) of this exclusion do not apply to liability assumed under a sidetrack agreement.

        Paragraph (6) of this exclusion does not apply to **property damage** included in the **products-completed operations hazard**.

***

    i.  **Damage to Your Product**

        **Property damage** to **your product** arising out of it or any part of it.

***

    j.  **Damage to Your Work**

        Property damage to **your work** arising out of it and included in the **products/completed operations hazard**.

This exclusion does not apply of the damaged work or the work out of which the damage arises was performed on **your** behalf by a subcontractor.

***

k.  **Damage to Impaired Property or Property Not Physically Injured**

**Property damage** to **impaired property** or property that has not been physically injured, arising out of;

(1) A defect, deficiency, inadequacy or dangerous condition in **your product** or **your work**; or
(2) A delay or failure by **you** or anyone acting on **your** behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to **your product** or **your work** after it has been put to it intended use.

***

## ADDITIONAL DEFINITIONS USED IN THIS ENDORSEMENT

6.  **"Impaired property"** means tangible property, other than **your product** or **your work**, that cannot be used or less useful than intended by its manufacturer or designer because:
    a. It incorporated **your product** or **your work** that is known or thought to be defective, deficient, inadequate or dangerous; or
    b. **You** have failed to fulfill the terms of a contract or agreement; if such property can be restored to use by;
        (a) The repair, replacement, adjustment or removal of **your product** or **your work**; or;
        (b) **Your** fulfilling the terms of the contract or agreement.

***

9.  **"Loading or unloading"** means the handling of property:
    a. After is it moved from the place where it is accepted for movement into or onto an aircraft, watercraft or **auto**;
    b. While it is in or on an aircraft, watercraft or **auto**; or
    c. While it is being moved from an aircraft, watercraft or **auto** to the place where it is finally delivered; however, **loading or unloading** does not include the movement or property by means of a mechanical devise, other than a hand truck, that is not attached to the aircraft, watercraft or **auto**.

13. **"Property damage"** for purposes of this endorsement only, means:

a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that cause it; or

b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the **occurrence** that caused it.

For the purposes of this insurance, electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

***

17. **"Your product"** means:
a. Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:
    (i) **You;**
    (ii) Others trading under **your** name; or
    (iii) A person or organization whose business or assets **you** have acquired; and
b. Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

**Your product** includes:

a. Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of **your product**; and
b. The providing of or failure to provide warnings or instructions.

***

18. **"Your work"** means:
a. Work or operations performed by **you** or on **your** behalf; and
b. Materials, parts or equipment furnished in connection with such work or operations.

**Your work** includes:
a. Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of **your work**; and
b. The providing of or failure to provide warnings or instructions.

## THE UNDERLYING ACTION

14. On May 13, 2014, HANOVER filed a law suit seeking damages for cargo loss against STAR WAY and the STAR WAY owners, seeking recovery pursuant to the Carmack

Page 9 of 12

Amendment, 49 USC §14706. The underlying action arises out of the loss of an interstate shipment of two (2) "case backhoes" from Burlington, Iowa to Ashland, Virginia, and Pooler, Georgia. See Exhibit A.

15. Further, the underlying action alleges that the two (2) case backhoes were reportedly stolen on June 24, 2012, when the STAR WAY truck transporting the two (2) case backhoes was located at a STAR WAY facility, at 200 Industrial Drive, Lincolnshire, Illinois. See Exhibit A.

16. It is further alleged in the underlying action, that HANOVER issued payment for the loss of the two (2) case backhoes to CNH America, LLC, which assigned its claims against STAR WAY to HANOVER.

### THERE IS NO COVERAGE UNDER THE ARTISAN POLICY FOR THE CLAIMS AGAINST STAR WAY AND THE OWNERS OF STAR WAY

17. On June 17, 2014, ARTISAN accepted the tender of defense of STAR WAY, subject to a complete reservation of rights.

18. However, ARTISAN has no duty under the Policy to defend and indemnify STAR WAY and its owners against the underlying action for one, or more of the following reasons:

    A. Coverage is not afforded under the Commercial Auto Policy Agreement because coverage is excluded to property damage being transported by Star Way Corp. or in the care, custody or control of Star Way Corp; and Star Way Corp. was transporting the cargo and had it in its care, custody and control at the time of the loss.

    B. Pursuant to the Commercial General Liability Endorsement, coverage is excluded because the cargo loss was expected from the standpoint of Star Way Corp. where during the course of transit the cargo was on Star Way Corp.'s property in an unsecured manner.

    C. Pursuant to the Commercial General Liability Endorsement, coverage is excluded because the property damage for which Star Way Corp. may become obligated to pay damages arises from the assumption of liability in its contract or agreements with Access America Transport and/or CNH America, LLC;

Page 10 of 12

D.  Pursuant to the Commercial General Liability Endorsement, coverage is not afforded because the property damage arose out of the ownership, maintenance, use, or entrustment to others of an auto operated by Star Way Corp. and used in connection with Star Way Corp.'s business;

E.  Pursuant to the Commercial General Liability Endorsement, coverage is not afforded because the property damage occurred to property in Star Way Corp.'s care, custody or control and because of incorrect work performed by Star Way Corp.; and

F.  Pursuant to the Commercial General Liability Endorsement, coverage is not afforded to Star Way Corp. because the property loss arose out of Star Way Corp.'s work, or alternatively was damage to impaired property arising from Star Way Corp.'s failure to perform a contract or agreement in accordance with its terms.

**WHEREFORE,** the Plaintiff, ARTISAN AND TRUCKERS CASUALTY COMPANY, requests that this Honorable Court enter a judgment and order declaring the rights and obligations of ARTISAN AND TRUCKERS CASUALTY COMPANY in connection with the loss described in the underlying action and specifically find and declare as follows:

A.  That there was no coverage afforded under the ARTISAN AND TRUCKERS CASUALTY COMPANY Policy issued to STAR WAY with respect to any defense obligations, indemnity obligations, or other obligations to pay judgments or settlements against any of the Defendants in the underlying actions;

B.  That ARTISAN AND TRUCKERS CASUALTY COMPANY has no obligation under the Policy issued to STAR WAY, to pay defense costs, and/or indemnify any of the Defendants in the underlying action with respect to the claims made in the underlying action or this action;

C.  That ARISAN AND TRUCKERS CASUALTY COMPANY has no obligation under the Policy to pay or indemnify any of the Defendants in the underlying action for any judgment, award, or settlement entered in the underlying action or this action; and

D. Make any such findings or orders of relief as this Court deems just and proper under the circumstances.

Respectfully submitted,

ARTISAN AND TRUCKERS CASUALTY COMPANY,
*Plaintiffs*

BY: /s/ Jason Orleans
  Its Attorneys

Jason Orleans, Esq., #6258048
*Counsel for Plaintiff*
CHILTON YAMBERT & PORTER LLP
325 Washington Street, Suite 400
Waukegan, IL 60085
Phone: 847-625-8200
Fax: 847-625-8262