## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ARTISAN AND TRUCKERS CASUALTY COMPANY | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 14-cv-05051 |
| HANOVER INSURANCE COMPANY, STAR WAY CORPORATION, STAR WAY, CORP., ALEKSEY A. PISKUNOV, and KATERYNA PISKUNOV | ) ) ) ) ) ) | Judge Sharon Johnson Coleman |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Artisan and Truckers Casualty Company ("Artisan") filed a complaint for declaratory judgment, asking this Court to find that Artisan does not have a duty to defend and indemnify its insured Alekseya Piskunov, Kateryna Piskunov, Star Way Corporation, and Star Way, Corp. (collectively "Star Way") in an underlying suit brought against Star Way by Hanover Insurance Company ("Hanover"). Artisan then moved for summary judgment. (Dkt. 11). Hanover filed a memorandum in opposition to Artisan's motion and Star Way adopted Hanover's memorandum in full. (Dkt. 20 and 22). For the reasons stated below, the Court grants Artisan's motion for summary judgment.

**Background**

The relevant facts when determining an insurer's duty to defend in the summary judgment context are those alleged in the underlying complaint. *Nationwide Ins. Co. v. Cent. Laborers' Pension Fund,* 704 F.3d 522, 525 (7th Cir. 2013). Here, the underlying complaint was filed in *Hanover Ins. Co. v. Star Way, Corp.,* No. 14-cv-3458 (N.D. Ill.), and it alleges the following.

Hanover insures Access America Transport, Inc. ("Access America"). (Dkt. 12 at 38). Access America entered into a Broker-Carrier agreement with Star Way, and pursuant to that agreement Star Way agreed to transport two Case backhoes belonging to CNH America LLC ("CNH") to two consignees. (*Id.* at 36-37). Star Way accepted the shipment in Iowa and the backhoes were loaded onto a motor truck. (*Id.* at 37). The two backhoes were then reportedly stolen from the premises of Star Way Lines Inc.[1] in Illinois before they could be delivered to the consignees. (*Id.*). Hanover paid CNH for the loss of the backhoes and in exchange for such payment CNH assigned its claims arising out of the loss of the backhoes to Hanover. (*Id.* at 38). Hanover then sued Star Way under the Carmack Amendment, 49 U.S.C. §14706, for the value of the backhoes. *Id.*

**Legal Standard**

Summary judgment is appropriate if the evidence shows that there is "no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "Under Illinois law, the interpretation of an insurance policy is a question of law that is properly decided by way of summary judgment." *BASF AG v. Great Am. Assur. Co.*, 522 F.3d 813, 818-19 (7th Cir. 2008)(citing *Crum & Forster Managers Corp. v. Resolution Trust Corp.,* 620 N.E.2d 1073, 1077 (Ill.1993)).

**Discussion**

The insurance policy at issue in this case is policy number 84841014-0 ("the policy") issued by Artisan to "Star Way Corp." (Dkt. 12 at 3; Dkt. 21 ¶12). In the case before this Court, Artisan claims it has no duty to defend Star Way in the underlying suit because there is no coverage under the policy. Artisan argues that the policy does not provide "cargo coverage" and that at least six exclusions in the Commercial General Liability Endorsement of the policy ("CGL Endorsement") preclude coverage: (1) Expected or Intended Injury; (2) Contractual Liability; (3) Aircraft, Auto, or

---

[1] In this suit, Hanover alleges Star Way Lines Inc. is a separate entity from Star Way Corporation and Star Way, Corp. (Dkt. 21 ¶ 7). It is an "additional insured" under the insurance policy at issue. (Dkt. 12 at 100).

Watercraft; (4) Damage to Property; (5) Damage to Your Work; and (6) Damage to Impaired Property or Property Not Physically Injured.[2] In response, Hanover argues that the CGL Endorsement covers the lost cargo and none of the exclusions remove coverage.

When evaluating an insurer's motion for summary judgment based on an asserted lack of duty to defend, courts compare the allegations in the underlying complaint with the relevant policy provisions. *Cent. Laborers' Pension Fund*, 704 F.3d at 525. If the facts alleged in the underlying complaint are "within or potentially within policy coverage," the insurer has a duty to defend and cannot prevail on summary judgment. *Id.* "The allegations in the underlying complaint must be liberally construed in favor of the insured." *Gen. Agents Ins. Co. of Am. v. Midwest Sporting Goods Co.*, 828 N.E.2d 1092, 1098 (Ill. 2005). But, "the burden is on the insured to prove that its claim falls within the coverage of an insurance policy." *Erie Ins. Exch. v. Compeve Corp.*, 32 N.E.3d 160, 166 (Ill. App. 2015) (quoting *Addison Ins. Co. v. Fay*, 905 N.E.2d 747, 752 (Ill. 2009)). "Once the insured has demonstrated coverage, the burden then shifts to the insurer to prove that a limitation or exclusion applies." *Id.* When an insurer seeks summary judgment on the basis that an exclusion in the policy precludes coverage, the applicability of the exclusion to the allegations in the underlying complaint "must be clear and free from doubt." *Atl. Mut. Ins. Co. v. Am. Acad. of Orthopaedic Surgeons*, 734 N.E.2d 50, 56 (Ill. App. 2000).

The CGL Endorsement provides that Artisan "will pay those sums . . . that [Star Way] becomes legally obligated to pay as damages because of bodily injury or property damage" to which the insurance applies. (Dkt. 12 at 80). "Property damage" for purposes of the CGL Endorsement is defined as "physical injury to property, including all resulting loss of use of that property" or "loss of use of tangible property that is not physically injured." (*Id.* at 78-79.)

---

[2] Artisan also argues that an exclusion contained in the Commercial Automobile Coverage Form precludes coverage. However, since Hanover makes no claim that there is coverage under the Commercial Automobile Coverage Form, the Court does not address the exclusions in that portion of the policy.

Neither party devotes much argument to whether the theft of the backhoes falls within the CGL Endorsement's coverage irrespective of the exclusions. Artisan asserts that cargo insurance is a "distinct form of liability insurance" and not part of the policy. (Dkt. 13 at 3). But aside from referring to the exclusions, it makes no argument as to whether the CGL Endorsement covers cargo loss. Similarly, Hanover merely recites that the CGL Endorsement covers "those sums . . . that the insured becomes legally obligated to pay as damages because of bodily injury or property damage" and then concludes that "Hanover has established coverage under the [CGL] Endorsement." (Dkt. 20 at 3-4).

The parties' arguments suggest that both believe it is obvious that theft of the backhoes constitutes "property damage" for purposes of the CGL Endorsement. This Court does not agree. In *Travelers Ins. Companies v. P.C. Quote, Inc.*, the court held that damages caused by theft were not property damages for the purposes of general liability insurance coverage, reasoning that "[t]here is a difference between damage to property and loss of property." 570 N.E.2d 614, 618 (Ill. App. 1991); *see also GATX Leasing Corp. v. Nat'l Union Fire Ins. Co.,* No. 94 C 431, 1994 WL 383909, at *3 (N.D. Ill. July 19, 1994)(Nordberg, J.) *aff'd*, 64 F.3d 1112 (7th Cir. 1995)(finding that "the great weight of authority" holds that theft does not constitute "loss of use"). In light of *Travelers,* Hanover and Star Way have failed to meet their burden to demonstrate that their claim falls within the CGL Endorsement's coverage for "property damage." This alone is sufficient reason to grant Artisan's motion for summary judgment. But even if Hanover and Star Way had established coverage under the CGL Endorsement, the Court nonetheless finds that two of the CGL Endorsement's exclusions apply to the facts in the underlying complaint and Artisan's duty to defend is removed.

1. Exclusions that Apply to the Underlying Complaint

Damage to Your Work Exclusion

The "Damage to Your Work" exclusion ("DTYW exclusion") precludes coverage for "property damage to your work[,] arising out of it or any part of it . . ." (Dkt. 12 at 84). For purposes of the CGL Endorsement, "your work" means "work or operations performed by you or on your behalf; and materials, parts or equipment furnished in connection with such work or operations." (*Id.* at 79). Artisan argues that the "work" at issue in the underlying complaint is Star Way's transportation of the backhoes and the damages at issue arose out of such work. (Dkt. 13 at 5). Hanover maintains that the provision is meant to protect against "faulty workmanship" and that the term "work" as defined in the CGL Endorsement does not apply to Star Way's activities as alleged in the complaint. (Dkt. 20 at 11).

CGL insurance policies often include DTYW exclusions because "[t]he risk intended to be insured [by CGL insurance] is the possibility that the goods, products or work of the insured, *once relinquished or completed*, will cause bodily injury or damage to property other than to the product or completed work itself, and for which the insured may be found liable . . . The coverage is for tort liability for physical damages to others and not for contractual liability of the insured for economic loss because the product or complete work is not that for which the damaged person bargained." *State Farm Fire & Cas. Co. v. Tillerson*, 777 N.E.2d 986, 992-93 (Ill. App. 2002) (internal quotations omitted) (ellipsis in original) (emphasis added).

DTYW exclusions tend to arise in cases where the "work" at issue involves "workmanship,"[3] usually in the context of construction projects. *See, e.g., Auto Owners Ins. Co. v. Hagler*, No. 13-CV-884-JPG-PMF, 2015 WL 3862713, at *7 (S.D. Ill. June 22, 2015); *Tillerson*, 777 N.E.2d at 992-93; *Prisco Serena Sturm Architects, Ltd. v. Liberty Mut. Ins. Co.,* No. 94 C 5716, 1995 WL 417531, at *5 (N.D.

---

[3] "Workmanship" is "the skill of a craftsperson." *The American Heritage Dictionary, available at* www.ahdictionary.com.

Ill. July 14, 1995). But it does not follow that "work" in the context of a DTYW exclusion means *only* "workmanship" and necessarily excludes transportation or delivery of a product. The word "work" is unambiguous, and the Court will afford it its "plain, ordinary, and popular meaning." *W. Am. Ins. Co. v. Yorkville Nat. Bank*, 939 N.E.2d 288, 293 (2010).

The dictionary defines "work" as "[p]hysical or mental effort or activity directed toward the production or accomplishment of something." *The American Heritage Dictionary, available at* www.ahdictionary.com. Here, the theft of the backhoes arose out of Star Way's activity directed toward accomplishing the delivery of the backhoes. In addition, the exclusion applies where the damages arise during the course of the insured's work rather than after the relevant work has been completed. *Tillerson,* 777 N.E.2d at 992. Here the backhoes were stolen before Star Way had completed the relevant job by delivering the backhoes to the consignees; therefore the DTYW exclusion applies to the underlying complaint even if the theft constitutes "property damage."

Damage to Impaired Property or Property Not Physically Injured

The "Damage to Impaired Property or Property Not Physically Injured" exclusion ("NPI property exclusion") provides that the CGL Endorsement does not cover "[p]roperty damage to impaired property or property that has not been physically injured, arising out of 1) a defect . . . in your product or your work; or 2) [a] delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms." (Dkt. 12 at 84). The CGL Endorsement defines "impaired property" but does not define "property not physically injured."

Artisan argues that the NPI property exclusion applies because the cargo loss "resulted from the failure of Star Way to perform a contract to transport" the backhoes. (Dkt. 13 at 6). Hanover responds that the exclusion, like the DTYW exclusion, is meant to exclude coverage for damages arising out of "an insured's own faulty workmanship" and that the term "work" as defined in the CGL Endorsement does not apply to the activities of Star Way alleged in the complaint. (Dkt. 20 at

12). However, the failure-to-perform-a-contract provision of the exclusion does not contain the term "your work."

The underlying complaint does not allege that the stolen backhoes were physically injured, only that CNH was deprived of them. (Dkt. 12 at 37). It also states that Access America and Star Way entered into a Broker-Carrier Agreement. (*Id.* at 36). "[O]stensibly in accordance" with that agreement, Star Way agreed to transport and deliver the backhoes to CNH's consignees but failed to do so. (*Id.* at 37). Thus, the underlying complaint provides that damage to property not physically injured arose out of Star Way's failure to perform in accordance with the terms of the Broker-Carrier Agreement. Therefore, even if Star Way and Hanover had established that theft of the backhoes was covered as "property damage" under the policy, the NPI Property exclusion would apply and Artisan's duty to defend is removed.

2. Other Exclusions

Artisan alleged that four other exclusions in the CGL Endorsement also precluded coverage and removed its duty to defend. For the reasons that follow, the Court finds those exclusions do not apply to the allegations in the underlying complaint.

Expected or Intended Injury

Artisan argues that because the underlying complaint alleges the theft occurred while the backhoes were being transported by Star Way, it can be inferred that Star Way failed to properly guard against theft. (Dkt. 30 at 7). Artisan then argues that theft can be reasonably expected when property is not properly guarded. (*Id.*) Hanover counters that the underlying complaint "does not allege that an insured expected, intended, or had prior knowledge or forewarning of the . . . theft." (Dkt. 20 at 4).

The underlying complaint lacks any information regarding what measures were or were not taken by Star Way to protect against theft. A bare allegation that theft occurred, without more, is not

7

sufficient for the Court to conclude that Star Way expected or should have reasonably expected the backhoes would be stolen. The complaint leaves open the possibility that the thieves were so extraordinarily talented in their craft that they prevailed under circumstances where theft of the backhoes reasonably seemed improbable.

Contractual Liability

The Contractual Liability exclusion precludes coverage for "property damage for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement." (Dkt. 12 at 81). But the exclusion does not apply to "liability for damages that the insured would have in the absence of the contract or agreement." (*Id.*) Hanover argues that the exception to the exclusion applies here because the underlying complaint is brought under the Carmack Amendment, which imposes liability even in the absence of any contract. (Dkt. 20 at 5-6). Artisan responds that consistent with the Carmack Amendment, a motor carrier may use a contract to extend or limit its Carmack Amendment liability. Artisan then claims that because the Broker-Carrier agreement might contain such limitations or extensions of liability, the Contractual Liability exclusion applies. (Dkt. 30 at 7).

Artisan's argument ignores that Hanover in the underlying complaint seeks only those damages which it can obtain *by reason of* the Carmack Amendment. Even if the Broker-Carrier agreement provides for additional damages, Hanover has not sought them. If the Broker-Carrier agreement limits the damages that can be recovered, this does not change the fact that Hanover seeks damages pursuant to only to the Carmack Amendment and not pursuant to a breach of contract claim.

Aircraft, Auto or Watercraft

The Aircraft, Auto, or Watercraft exclusion ("the Auto exclusion") precludes coverage for "bodily injury or property damage arising out of . . .the ownership, maintenance, use, or entrustment to others of any . . . auto . . . owned or operated by or rented, leased or loaned to any insured." (Dkt.

8

12 at 82). The Auto exclusion also provides that "use" includes "operation and loading or unloading." (*Id.*). The CGL Endorsement defines "loading or unloading" as "the handling of property . . . [1] after it is moved from the place where it is accepted for movement into or onto an . . . auto; [2] while it is on an . . . auto; or [3] while it is being moved from an . . . auto to the place where it is finally delivered." *Id.* at 78.

Artisan argues that the cargo loss necessarily arose out of use of an auto because Hanover based its claim in the underlying complaint on the Carmack Amendment, which "is explicitly auto related." (Dkt. 30 at 5). Hanover argues that the Auto exclusion does not preclude coverage because "the failure of defendants . . . to deliver the backhoes . . .[is] separate and distinct from the use of a truck to transport the backhoes . . . If a shipment is stolen, it is the act of the thief that causes the loss, not an insured's ownership, maintenance or use of a truck." (Dkt. 20 at 7).

Absent any specifics in the underlying complaint regarding how the thief accomplished his or her heist, it is not "clear and free from doubt" that the Auto Exclusion applies. It is certainly possible, and even likely, that the thief drove, unloaded, or otherwise exerted some "personal physical management" of a Star Way auto in order to steal the backhoes. *See Pactiv Corp. v. Nat'l Union Fire Ins. Co.,* No. 14 CV 2490, 2015 WL 774759, at *3 (N.D. Ill. Feb. 3, 2015) (Bucklo, J.). But the underlying complaint only states that "the two Case backhoes were reportedly stolen . . . from the premises of Star Way Lines Inc." (Dkt. 12 at 37). This leaves open the possibility that the backhoes were not on the truck when the thief stole them and that no use of a Star Way Auto was involved in the theft.

Damage to Property

Artisan asserts that the Damage to Property exclusion for "[p]roperty damage to . . . personal property in the care, custody or control of the insured" applies. (Dkt. 13 at 4). Hanover responds that the underlying complaint does not allege that the backhoes were in the exclusive possessory

control of Star Way when they were stolen. (Dkt. 20 at 9). Artisan replies that possessory control is apparent from the allegation that Star Way received the backhoes for transport to the consignees. (Dkt. 30 at 8).

Under Illinois law, an insured must have "possessory control . . . at the time of the loss" in order for the property to be deemed in its "care, custody, or control." *Bolanowski v. McKinney*, 581 N.E.2d 345, 348 (1991). Illinois courts also note that the possessory control at the time the property is damaged must be "exclusive." *Id.* Another person or entity's limited access to the property does not negate the exclusiveness of the insured's possessory control. *Country Mut. Ins. Co. v. Waldman Mercantile Co.*, 430 N.E.2d 606, 609 (Ill. App.1981). Rather, exclusive possessory control is determined by looking at the extent of the insured's right and power to "access" and "maintain, move, or protect" the property. *Bolanowski,* 581 N.E.2d at 349.

Here, it cannot be gleaned from the underlying complaint who among Star Way, Star Way Lines Inc., or any other entity that may have been involved had the predominant authority to access, maintain, move, and protect the backhoes at the time they were stolen.

**Conclusion**

Hanover and Star Way did not establish coverage under the CGL Endorsement, and even if they had, the DTYW exclusion and the NPI property exclusion apply to the allegations in the underlying complaint. Therefore, the Court grants Artisan's motion for summary judgment [11].

IT IS SO ORDERED.

_____
SHARON JOHNSON COLEMAN
United States District Judge

DATED:  August 27, 2015